Judge Owslev
delivered the opinion.
. The appellants asserting the superior equity to the land in contest, brought this suit in the circuit court for the purpose of compelling the appellees to surrender their legal title, derived through a grant of elder date, and which issued upon a survey made under an adverse entry also of elder date than the entry under which 'he appellant claims.
The entry through which the appellants claim, is as follows:
JVoe. 20, 1781, William Mayo enters, fyc. S.OOO’acres of land, Sfc. lying on the waters of Silver creek and Muddy creek, to include all the vacant land adjoining the south and west lines of Samuel Estill, assignee of Webber, to extend west, and south, and east, towards Bowls and Cruse for quantity.
Prior to the date of this entry, and on the 20th of April, 1780, Samuel Estill, assignee of John Webber, entered a preemption warrant of 400 acres of land on the waters of Muddy creek, adjoining James Estill’s south line, and running southwardly for quantity.
And, on the 7th May, 1781, Estill, as assignee of Webber, caused a survey to be executed, adjoining and binding on the south line of a survey previously made for james Estill, of an entry of 1,000 acres.
Neither the entry of James Estill for the 1,000 acres, nor that of Samuel Estill, assignee of Webber, is sufficiently established to uphold a dependant entry, but as the survey of Samuel Estill, assignee of Webber, was madepri-orto the date of Maya’s entry, the locator must be presumed to have intended to adjoin the survey, and as we are of opinion the survey of Estill’s 1,000 is proven to be uotórious afilie date of Mayo’s entry, from the description contained in the certificate of Estill’s survey, assee of Webber, wiiieh, from its date, must have been of record, there *196 fonifl have been no difficulty in a subsequent advent ife| finding it.
W<'v"rlhete<s F mi h <le pe> d’nttntry .**!⅛ ^ c<ot ■! \mtU o» >he wes- and snrU of ♦he ' depend mir en ry i no valid, b - cause It uud De unreason-•bit. t« m> puse on a cérui n .that apinopria i- °" le o i^be sremVrtmf*. an t eie'-y ov r 'he tob-iopsud
An entry ea ti igio inn tXniSbd the «i ima of B fctC*w th**c piracy the p *ition of Wc se ctauns, of ’muring t’w'rds tharn hr evl entiy avoid ihem& by possibilily they tnay ^ tms.
Bui assuming the survey of assignee of Webber, might be easily" found, we are *>i>i i«f opinion, the enirv i,f M-*yn tomsii s that pin-ise dcseripioii whir1 would enable a subir (pent locator to »j pi< priate with nriainly the adja-eei,t rt s‘duum.
The subs* qu<-ul locator woulij perc»ivt from the eniri of Mayo, that-tbe locator intended to appypppate t'>p v;ji;mt land adjoining the south and vyest lr *s id EsmII. a-aVc. of f' but before he could kuo ■ from what (mini on .the wegi jine of Estill the line of Mayo shoalrl be expended ^ woi|l<t have to ase< p:;un tin extfú! of the vacancy 0,! thf west; f r by j-filbi a to include ai tty. paca.Tkt land on tty to.est of Esiill fifsignpe of H Mer, and to txlen¡i tm|, ¡| i, evident the lcqil-j nf Mayo’s in ry tpu'd pci t é'* iri* len'|e(j to commence the line to be extended west, within i . .- j - r - . , -, , 1 Oft land which might, prior to the date ot Mayo’s entr? bdVe beep appropfi ted Bat ¡uotesf the Jpca» ,0>r!? BfosWItf.d to Jcnpvv all piior approprialipns, aft be {«• try «I Mjfyp af-rds no infornialio.ij by Which Jney coo'd fie known, il is impossible, that be equis) by the rjercisp of *W*Wt*W? spapch, hi»?e ^sceriai* ijd the extent of tbé vá-cabcy. VVe li<i. k, however, that the subsequent loculpt cannot be presumed to know eveiy approprtatipu vylich J!ave J,etJ5 made. He rnupt, tip daqbi, at jiis pgril be careful not to make bis entry po as to coifl.ct with op»--propri^lioiis spade W'i'h the requisite pyfpision aud cyrtajp* ⅜y, but an entry cannot be aifinittedtp contain sufficient pnd certpinty, when if jjppQw's tjpoq others the unreasonable burthen of ascertaining and plowing fV«J which have been made.
^u* **118 difficulty conhi be gotten ovey, there are others wlpch present insurmouqigble oh^eeti ips to $|ay<i’s eqtry. By calling to fjdeijd fa^t towards Crpse and t^qvyls, it is pkjjj'tjjp (ppatpr i'ptefldfd not to ispprppnpte body which “iglit include any part of either C'rdf’e hr Bowk, bjtt from §iiy thing epptaiped ij) the pjpsepf repojrd- 'it if impossible |oj-this court to say the lapd of ¿pwls may tipi include the Iso*1 in <?dnty»t. |q ífcpl Jojin Bowls phta’ined * certific^fe for l,OQo acjrcs pfeemptiop, lying on a branch of Muddj 8¾9⅛1||⅜ 48⅜' | ⅛8,||1 9!' ⅛ by dud iHe ‘same in the 1⅜75.
A lew days before the date of this certificate, James *197 STst'dl ofcfa'ned a «wstdicate for iJM aerea, lying <ea dta patera of^Muddv crpek, and Otii r creek, within one mile of a little fort known by the name of LocuaiTliicket, by {narking and improving t¡he same, ,⅜¾,
Hardin for appellants.
•Vt the date of Mavo’s entry, the certrfica*e of Botris bad jieithei been surveyed or entered, so that in ascertaining hka imsiiion, we tn"si advert to the cenificate —Rv it, Bonis $aiis to adjoin i unta Estill on the east, and to include las improvement.
Bui there is nopvidenep in the cause calculated to ideo» 4ify either the improvement of fistill, or that of Bo v Is. There is an abundance of evidence shewing, that within the limits of KsiilPs survey, he settj.da station andresid-#d thereon at ihe date of his survey ; but there is no evidence conducing t,o shew the improvement, in virtue of *vhict> his certificate was obtained. The pail toadjiin fit-till on the east, therefore, cannot enable this court tp aspee» ta n the western boundary of Bowls, as there is no evidence shewing the position of bis improvement, there is nothing which can attach him to any particular spot. flwo witnesses, whose depositions are taken in the cause, prove Bowls’ improvement to be within ahoul a half or three fjuarters of a mile from fist if*? station, but what direction rom the station the improvement might be found, 1⅛ evidence is totally sihnt. From any thing contained in fhe record, the improvement of Bowls may assume such* fashion as to place his claim ou the land now in contest^ and if so, it is plain, the appellants through the entry of Mayo, cannot be entitled to relief.
It results, therefore, that the entry of Mayo cannot be |usiained, and consiquently the court below decided cor-fectly in dismissing the appellants’ bill.
'I he decree tnusj be affirmed with eftsi,